**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON, DIVISION**

| | | |
|---|---|---|
| **LISA ROUX,** | § | |
| ***Plaintiffs,*** | § | |
| | § | **CIVIL ACTION NO. 4:26-cv-00782** |
| **VS.** | § | **JURY DEMANDED** |
| | § | |
| **RAMIREZ, ARIN,** | § | |
| **Defendants,** | § | |

## PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

**TO THE HONORABLE JUDGE :**

Plaintiff, Lisa Roux, by and through undersigned counsel, files this Response to the Court's October 19, 2026 Order to Show Cause concerning counsel's failure to appear at the Initial Pretrial and Scheduling Conference. Counsel respectfully submits that the nonappearance resulted from excusable neglect arising from a conflicting criminal court setting in Burleson County, Texas, and an inadvertent oversight concerning the requirement of an in-person appearance, rather than willful disregard of the Court's order. Accordingly, Plaintiff respectfully requests that the Court discharge its Order to Show Cause without imposing sanctions under Federal Rules of Civil Procedure 16(f) or 41(b), and in support thereof would respectfully show the Court as follows:

On the date of the scheduling conference, October 19, 2026, counsel had a conflicting criminal court setting in Burleson County, Texas, requiring counsel's appearance outside the Houston area. Ex. A. Counsel anticipated that the scheduling conference

would be conducted by Zoom, consistent with the practice counsel had experienced over approximately the preceding six years. Counsel reasonably anticipated being able to fulfill the obligation in the criminal proceeding while also participating remotely in the scheduling conference.

Counsel inadvertently overlooked that the scheduling conference required an in-person appearance. The failure to appear was the result of an oversight concerning the hearing format and counsel's conflicting court obligation. It was neither intentional nor an effort to disregard the Court's scheduling requirements.

The parties have already participated in the conference required by Federal Rule of Civil Procedure 26(f). Moreover, the proceedings are currently stayed pending the Court's disposition of the outstanding motions to dismiss. Consequently, counsel's failure to appear did not prevent the parties from conducting their Rule 26(f) conference or interrupt ongoing proceedings under an active discovery schedule.

In *SEC v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380 (5th Cir. 1992), the Fifth Circuit addressed the imposition of severe sanctions following a failure to appear at a pretrial conference. The court recognized that an isolated mistake concerning a pretrial conference does not, without more, establish the contumacious conduct necessary to justify a case-dispositive sanction.

Here, counsel's nonappearance resulted from a conflicting criminal court setting and an inadvertent oversight concerning the requirement of an in-person appearance. Counsel anticipated participating remotely and did not intentionally disregard the Court's order.

Moreover, the parties completed their Rule 26(f) conference, and the proceedings are presently stayed pending resolution of the motions to dismiss. Counsel's inadvertent nonappearance therefore does not itself demonstrate abandonment of the litigation or an unwillingness to prosecute Plaintiffs' claims.

Under these circumstances, dismissal would be disproportionate to the conduct at issue. Counsel respectfully requests that the Court discharge its Order to Show Cause without sanctions.

Counsel recognizes the importance of complying with the Court's scheduling orders and sincerely regrets the inadvertent failure to appear. Counsel respectfully submits that the circumstances constitute excusable neglect rather than willful noncompliance.

Counsel therefore respectfully requests that the Court excuse the nonappearance, decline to impose sanctions, and grant such other relief as the Court deems appropriate. Counsel will be present and appear in person at the October 27, 2026 setting.

Respectfully Submitted
THE LEWIS LAW GROUP PLLC
By: /s/U.A. LEWIS
U.A. LEWIS
State Bar No. 24076511

P.O. BOX 27353 HOUSTON, TX 77227
Phone: (713) 570-6555
Fax: (713) 581-1017
Myattorneyatlaw@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been duly sent to all counsel of record in this case by email, e-service, and/or facsimile on October 19th 2026.

*/s/U.A. Lewis*

*U.A. Lewis*